UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ODYSSEY REINSURANCE COMPANY f/k/a ODYSSEY AMERICA REINSURANCE CORPORATION : : : Plaintiff, : : v. : : CAL-REGENT INSURANCE SERVICES CORPORATION : : Defendant. : | CIVIL ACTION NO. 3:14-cv-00458-VAB AUGUST 20, 2015 |

## RULING ON PLAINTIFF'S MOTION TO DISMISS

**I.     INTRODUCTION**

The Court presumes familiarity with the factual background of this case, which is set forth in the Court's ruling on Odyssey's motion for summary judgment. ECF No. 100. The Court adopts the defined terms set forth in that ruling.

In its Answer (ECF No. 31), Cal-Regent asserted a counterclaim for setoff. Odyssey moves under Fed. R. Civ. P. 12(b)(6) to dismiss that counterclaim for failure to state a claim upon which relief can be granted. For the reasons that follow, Odyssey's Motion to Dismiss (ECF No. 37) is GRANTED.

**II.    DISCUSSION**

Cal-Regent asserts its counterclaim under Connecticut General Statutes § 52-139, which provides, in part, that "[i]n any action brought for the recovery of a debt, if there are mutual debts between the plaintiff . . . and the defendant . . . one debt may be set off against another." (Answer at 7, 10.) Cal-Regent claims that Odyssey owes or

1

may owe it two sums, and that any recovery by Odyssey should be set off against those two sums.

First, Cal-Regent claims that Odyssey is required, under the Reinsurance Agreements, to reimburse Cal-Regent for approximately $68,824.91 in "costs and payments that [Cal-Regent] has made while handling various insurance claims" (the "Expense Counterclaim").  (Answer at 8, ¶¶ 6-9.)

Second, Cal-Regent alleges that there is an ongoing arbitration among Cal-Regent, State National, and Cal-Regent's insurance carrier "in connection with a claim for an alleged error in certain policy language that allegedly cause [*sic*] the payment of a disputed claim in the amount of Four Million Dollars by State National and Odyssey Reinsurance in 2005." (*Id.* at 8-9, ¶ 10.)  Cal-Regent claims that, "[i]n the event of a settlement or payout ordered by the arbitrator ninety percent (90%) of any such payout will be paid to Odyssey Reinsurance which will result in a recalculation of sums alleged to be due and owing by Cal-Regent for provisional commissions and commission adjustments for year 2005" (the "Arbitration Counterclaim").  (*Id.* at 9, ¶ 13.)

Cal-Regent's counterclaim fails to state a claim upon which relief can be granted. The Reinsurance Agreements are governed by Texas law.  (*E.g.*, 2004 Agmt. ¶ 19.2; Ruling on Pl.'s Mot. Summ. Judg. at [9-10].)  Cal-Regent's own papers recognize this. (Def.'s Mem. Opp. Pl.'s Mot. Dismiss at 3, 7-8, ECF No. 41.)  But Cal-Regent brought its counterclaim under Connecticut law.  (Answer at 7, 10.)

In the Second Circuit, courts "determine a choice-of-law clause's scope under the same law that governs the clause's validity – the law of the forum." *Fin. One Pub. Co. v. Lehman Bros. Special Fin.*, 414 F.3d 325, 333 (2d Cir. 2005).  Connecticut courts

generally hold that where a choice-of-law clause states that an agreement is governed by a given state's law, claims based on or arising out of that agreement are governed by the chosen state's law.  *See, e.g.*, *Wall St. Tech. Partners, LP v. Kanders*, No. X05CV095010098S, 2010 WL 816867, at *3-5 (Conn. Super. Ct. Feb. 2, 2010) (where choice-of-law clause provided that agreement was "governed, construed and enforced in accordance with the laws of the State of Delaware," counterclaim for breach of that agreement was governed by Delaware law); *cf. Toth v. Clark*, No. CV02077296S, 2003 WL 1908252, at *4 (Conn. Super. Ct. Apr. 1, 2003) (where choice-of-law clause provided that agreement was governed by New York law, tort claims not arising from agreement were governed by Connecticut law); *Messler v. Barnes Grp., Inc.*, No. CV 960560004, 1999 WL 61034, at *9 (Conn. Super. Ct. Feb. 1, 1999) (observing that "[s]everal courts have held that similar narrowly-drawn choice-of-law provisions do not preclude causes of action under the laws of another state where such causes of action are not based in contract" and collecting cases).

Cal-Regent's counterclaim arises from the Reinsurance Agreements.  As to the Expense Counterclaim, Cal-Regent alleges that the Reinsurance Agreements required Odyssey to reimburse Cal-Regent for the claimed expenses.  (Answer at 8, ¶¶ 6-9.)  As to the Arbitration Counterclaim, sums owed by Odyssey to Cal-Regent, if any, as a consequence of a settlement or payout in the arbitration would arise out of the commission provisions of the Reinsurance Agreements. (*See* Answer at 9, ¶ 13.)  Cal-Regent itself recognizes that its counterclaim arises out of the Reinsurance Agreements.  (*See* Answer at 9-10, ¶ 14; Def.'s Mem. Opp. Pl.'s Mot. Dismiss at 8

("[T]he setoff claims of Cal-Regent arise out of and are incident to and connected with Odyssey Re's claims for provisional commission adjustments.").)

Because Cal-Regent's counterclaim arises from the Reinsurance Agreements, it must be brought under Texas law.  *See Kanders*, 2010 WL 816867, at *3-5.  Because it was brought under Connecticut law, it fails to state a claim upon which this Court can grant relief.  *See, e.g.*, *Watts v. Jackson Hewitt Tax Serv. Inc.*, 579 F. Supp. 2d 334, 345-46 (E.D.N.Y. 2008) (dismissing New Jersey state law claim after determining that New York law applies); *Cont'l Airlines, Inc. v. Mundo Travel Corp.*, 412 F. Supp. 2d 1059, 1064, 1070 (E.D. Cal. 2006) (dismissing California state law claim in light of choice-of-law clause stating that agreement "shall be construed in accordance with, and governed by, the laws of the Commonwealth of Virginia.").

## IV. CONCLUSION

Plaintiff's Motion to Dismiss (ECF No. 37) is hereby GRANTED.


SO ORDERED at Bridgeport, Connecticut this twentieth day of August, 2015.


    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE